### THOMAS RANEY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—62.]

**Criminal Law—Forgery.**
> The mere verbal direction of the trial judge to discharge the prisoner does not discharge him. This could only be done by an order of record.

#### APPEAL FROM MADISON CIRCUIT COURT.

December 14, 1880.

OPINION BY JUDGE COFER:

The punishment inflicted in this case, although the smallest that could be imposed under the statute, is disproportioned to the offense. The appellant is proved not to be able to read or write, and of course did not forge the order. Nor does the evidence show that he knew it was forged, except by inference from the fact that it was forged, and he presented it and represented that it had been given by Hunter. But it was for the jury, and not for the court, to say whether that inference was warranted by the facts.

The mere verbal direction of the judge to discharge the prisoner did not discharge him. No order was entered directing his discharge, and it is only by the record that such matters may be shown; and if such an order had been entered and set aside before the pris-

oner left the bar we should not be inclined to hold that it would discharge the prisoner.

· The court properly refused to permit any inquiry into the question whether any evidence was heard by the grand jury by which the indictment was found. A careful scrutiny of the entire record has failed to detect any error for which this court is authorized to reverse the judgment, and it is *affirmed*.

*Morse & Chenault, for appellant.    Hardin, for appellee.*

